UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-2594(DSD/TNL)

Thomas James Fox,

       Plaintiff,

v.                                                          **ORDER**

Thomas Roy, Commissioner,
Penny Malecha, Director,
Harold W. Clarke, Director,
Agent Drew Evans, Special
Agent Gary Swanson, and
Investigator Barry Smith,

       Defendants.

    Thomas James Fox, #1541090, Wallens Ridge State Prison, P.O. Box 759, Big Stone, VA 24219, pro se plaintiff.

    Plaintiff Thomas James Fox, a prisoner, commenced this action by filing a complaint seeking relief for alleged violations of his constitutional rights. He did not pay a filing fee, but instead filed an application for leave to proceed in forma pauperis (IFP). See ECF No. 2. In an order dated July 20, 2015, Magistrate Judge Tony N. Leung ordered Fox to pay an initial partial filing fee of at least $6.45 within 20 days of the date of that order, failing which the court would recommend that this action be dismissed for failure to prosecute.[1] See ECF No. 7. When Fox failed to pay this

---

[1] Fox named six defendants in his original complaint. In his July 20 order, Judge Leung noted that one set of defendants appeared to be misjoined, as the claims against those defendants had nothing in common with the claims against the other set of defendants. See ECF No. 7 at 3-4. Fox has since confirmed that he
(continued...)

amount, Magistrate Judge Leung recommended this matter for dismissal without prejudice.  See ECF No. 8.  Another two weeks passed without receipt of the initial partial filing fee, and so on September 9, 2015, the court adopted the recommendation of dismissal without prejudice.  See ECF No. 10.  Judgment was entered the following day.

Since that time, Fox has been in frequent communication with the court regarding his inability to pay the ordered initial partial filing fee and his desire to continue prosecuting this case, notwithstanding the earlier dismissal.  On November 4, 2015, the court ordered that Fox either submit the required initial partial filing fee or submit a current inmate account report demonstrating that he is unable to pay the fee.  See ECF No. 15.  Fox has now submitted the required information.  See ECF No. 17-1.  On review of Fox's updated financial information, the court determines that Fox currently has "has no assets and no means by which to pay the initial partial filing fee."  28 U.S.C. § 1915(b)(4).  Accordingly, Fox's IFP application will be granted, and the judgment entered previously in this case will be vacated.  Fed. R. Civ. P. 60(b).  Fox still will have to pay the unpaid

---

[1](...continued)
wishes to proceed only with his claims against defendants Drew Evans, Gary Swanson, and Barry Smith.  See ECF No. 12.  Accordingly, Thomas Roy, Penny Malecha, and Harold W. Clarke are deemed voluntarily dismissed without prejudice from this lawsuit.  See Fed. R. Civ. P. 41(a).

balance of the statutory filing fee — specifically, $350.00 — in installments pursuant to 28 U.S.C. § 1915(b)(2).  See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").[2]  The clerk of court will be directed to provide notice of this requirement to the authorities at the institution where Fox is confined.

    Because IFP status is being granted, Fox is entitled to have the remaining defendants in this action served by the United States Marshal.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  Marshal service cannot be accomplished at this time, however, because Fox has not submitted the documentation needed for service of process.  To cure this deficiency, Fox must submit a properly completed Marshal Service Form (Form USM-285) for each remaining defendant.  See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (noting that it is the pro se plaintiff's "responsibility

---

[2] The statutory filing fee for new actions commenced in a federal district court is $350.00.  28 U.S.C. § 1914(a).  On May 1, 2013, the district courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00.  The Prison Litigation Reform Act applies only to the statutory filing fee, however.  Fox therefore will be required to pay the unpaid balance of the $350.00 statutory filing fee - not the $400.00 total fee - in installments, pursuant to § 1915(b)(2).

to provide proper addresses for service on [the defendants]").[3] If Fox does not satisfy this requirement within the next thirty days, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. <u>See</u> Fed. R. Civ. P. 41(b).  If Fox does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal.

The court has screened Fox's complaint, as is required under 28 U.S.C. § 1915A.  Each defendant on whom service of process is properly effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g).  A copy of this order shall be served with the summons and complaint, so that defendants will be apprised of their obligation to file a responsive pleading.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The judgment entered on September 10, 2015 [ECF No. 11] is vacated;
2. The application for leave to proceed in forma pauperis [ECF No. 2] is granted;

---

[3] Marshal service forms are available from the clerk of court on request.

3. Fox must pay the unpaid balance of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the clerk of court shall provide notice of this requirement to the authorities at the institution where Fox is confined;

4. Within thirty days after the date of this order, Fox must submit a properly completed Marshal Service Form (USM-285) for each remaining defendant, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b);

5. If Fox complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on each defendant for whom a properly completed marshal service form is submitted;

6. A copy of this order shall be served together with the summons and the complaint;

7. Each defendant on whom service of process is properly effected will be required to file a response to Fox's complaint; and

8.   By separate correspondence, the Court will be referring Plaintiff to the Federal Bar Association (FBA), which has a panel of volunteer lawyers who can often help pro se litigants.

Dated:   January 8, 2016

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court
