# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS JAMES FOX, | Case No. 15-cv-2594 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| THOMAS ROY, Commissioner; PENNY MALECHA, Director; HAROLD W. CLARKE, Director; AGENT DREW EVANS; SPECIAL AGENT GARY SWANSON; and INVESTIGATOR BARRY SMITH, | |
| Defendants. | |

Thomas James Fox, #1541090, Wallens Ridge State Prison, P.O. Box 759, Big Stone Gap, VA 24219 (*pro se* Plaintiff); and

Kathryn Iverson Landrum, Assistant Attorney General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128 (for Defendants Agent Drew Evans and Special Agent Gary Swanson); and

Ryan M. Zipf, League of Minnesota Cities, 145 University Avenue W., St. Paul, MN 55103 (for Defendant Investigator Barry Smith).

This matter comes before the Court, United States Magistrate Judge Tony N. Leung, on Defendants' Motions to Dismiss, (ECF No. 24 and 32), as well as Plaintiff's Motion to Amend Complaint with the Permission of the Court (ECF No. 46). These motions have been referred to the undersigned for a report and recommendation to the district court, the Honorable David S. Doty, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. Based

upon the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motions be **GRANTED**, Plaintiff's Motion be **DENIED**, and this matter be **DISMISSED**.

## I.    BACKGROUND

Plaintiff is a prisoner currently serving a life sentence following conviction for the murder of Lori Baker.  (ECF No. 27-1, at 68-75.)  Plaintiff currently resides in a prison in Virginia after being transferred from facilities in Minnesota.  (ECF No. 4-1.)  Plaintiff's Complaint concerns his detention prior to his arraignment, trial, and conviction.

On December 29, 2011, Plaintiff was arrested on a Department of Corrections warrant unrelated to the investigation into Baker's death.  *State v. Fox*, 868 N.W.2d 206, 211 (Minn. 2015).[1]  Plaintiff had previously absconded from supervised release on April 24, 2011, until he was apprehended on December 29, 2011, on a warrant for a parole

---

[1] Courts "generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).  A court, "may, however, consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Id.* (citing *Porous Media*, 186 F.3d at 1079).  Thus, a court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citing *Porous Media*, 186 F.3d at 1079).  "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).  When evaluating a Rule 12(b)(6) motion, "the court has complete discretion to determine whether or not to accept any material beyond the pleadings." *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003) (internal quotation marks and citations omitted).

violation.  (ECF No. 35-1.)  *See also Fox*, 868 N.W.2d at 214.  On January 6, 2012, while still in custody, the Department of Corrections revoked Plaintiff's parole and he remained in custody continuing to serve an earlier criminal sentence.  (ECF No. 35-1.)

On April 19, 2012, a Washington County Grand Jury indicted Plaintiff on one count of first-degree premeditated murder and one count of first-degree intentional murder while committing or attempting to commit aggravated robbery.  *Fox*, 868 N.W.2d at 212.  On April 20, 2012, Plaintiff was arraigned before Judge Elizabeth Martin in Minnesota State District Court.  (ECF No. 27-1, at 68.)  Plaintiff was in custody the entire time between December 29, 2011 and April 20, 2012.  Plaintiff contends that this detention violated his Fourth Amendment rights under the United States Constitution. *See Gerstein v. Pugh*, 420 U.S. 103, 114 (1975) (holding the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended detention following a warrantless arrest).

In addition to the *Gerstein* claims, Plaintiff initially tried to shoehorn into this action a separate lawsuit against Minnesota and Virginia prison officials.  The Court, in a previous Order, noted the problem with filing two disconnected lawsuits together as one. (ECF No. 7, at 4 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).)  The Court advised Plaintiff that if he wished to proceed in the case, he must dismiss without prejudice one set of claims.  (*Id.*)  Plaintiff informed the Court he wished to proceed with his *Gerstein* claims against Defendants Evans, Swanson, and Smith.  (ECF No. 12.) Accordingly, Defendants Thomas Roy, Penny Malecha, and Harold W. Clarke were dismissed.  (ECF No. 18, at 1-2, n.1.)

The remaining Defendants moved to dismiss Plaintiff's claims. Defendants Evans and Swanson moved to dismiss the claims for alleged *Gerstein* violations, as well as challenging any claim related to Plaintiff's transfer to Virginia. (*See* ECF Nos. 24 and 26.) Defendant Smith directed his motion to Plaintiff's claim for alleged *Gerstein* violations. (*See* ECF Nos. 32 and 34.) Plaintiff responded by filing a document styled as a "Motion to Amend Complaint with the Permission of the Court." (ECF No. 46.) For the reasons set forth below, the Court recommends that the case be dismissed and Plaintiff's Motion be denied.

## II.   LEGAL STANDARD

Defendants moved for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678) (quotations omitted); *accord Zink*, 783 F.3d at 1098. Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *see id.* ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action.") (quotations and citation omitted). Additionally, complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In assessing a complaint by a *pro se* plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quotation and citation omitted); *accord Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d 912, 914 (8th Cir. 2004)). Thus, *pro se* litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id.* (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

III.    **EVANS' AND SWANSON'S MOTION TO DISMISS**

        **A. Statutory and Eleventh Amendment Defenses**

Evans and Swanson, employed by the Minnesota Bureau of Criminal Apprehension, begin by arguing that they are not properly subject to suit under 42 U.S.C. § 1983.  (ECF No. 26, at 1, 3-5.)  They argue that they are not "persons" under Section 1983 for the purposes of Plaintiff's suit and that they are additionally shielded from suit in federal court by the Eleventh Amendment to the United States Constitution.  Evans and Swanson are correct.

42 U.S.C. § 1983 provides for a cause of action against any "person" who, under the color of state law, causes another to be deprived of a federal constitutional or statutory right.  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).  States and state officials sued in their official capacities are not "persons" under Section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999).  Thus, to state a claim against an individual state official, the claim must be against that official in his or her individual capacity.  *Alsbrook*, 184 F.3d at 1010.

"Public servants may be sued under [S]ection 1983 either in their official capacity, their individual capacity, or both."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997)).  The Eighth Circuit has held that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."  *Johnson*, 172 F.3d at 535 (citations omitted); *see also Artis v. Francis Howell*

*North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998).  "Absent such an express statement, the suit is construed as being against the defendants in their official capacity.  A suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson*, 172 F.3d at 535 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); *see also Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1119–20 (D. Minn. 2008) ("If no capacity is stated, the claim is deemed to be against the person in an official capacity, which in turn means that the suit is one against the employing municipality.") (citations omitted).

Plaintiff has not made any statement in his pleadings—much less an express and unambiguous statement—that he intends to sue Evans and Swanson in their individual capacities.  Therefore, the Court construes Plaintiff's Complaint as a suit against Evans and Swanson in their official capacities.  *See Kelly v. Ramsey Cnty. Sheriff's Office*, Case No. 08-cv-5028, 2009 WL 511695, at *4 (D. Minn. 2009) (holding the rule that a plaintiff must clearly state that individual defendants are being sued in their individual capacities "is strictly enforced against a *pro se* plaintiff despite the generally liberal construction of *pro se* pleadings") (citations omitted).

The Court further concludes that inferring intent to sue Evans and Swanson in their official capacities from the pleadings before the Court is unwarranted.  The court in *Kelly* was willing to infer intent to sue a defendant in his or her individual capacity from a *pro se* plaintiff's pleadings and responses.  *Id.*  Here, in his purported response to Defendants' Motions, Plaintiff seeks to amend his Complaint to clarify that Defendants are being sued in their individual capacities.  (ECF No. 46, at 1.)  The court in *Kelly*

7

treated somewhat similar pleadings as a sufficient statement of desire to assert individual capacity claims.  2009 WL 511695, at *4.  But, there, the plaintiff filed a "Motion in Response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment."  *Id.*  Here, Plaintiff filed a more specific "Motion to Amend Complaint with the Permission of the Court."  (ECF No. 46.)  The Court will treat Plaintiff's Motion to Amend as such, and will address that motion separately.  Thus, with the operative Complaint lacking any statement that the claims are against Evans and Swanson in their individual capacities, the Court concludes that the claims are against Evans and Swanson in their official capacities.[2]

Evans and Swanson are employed by the Bureau of Criminal Apprehension, which is a state agency.  *See Minnesota State Patrol Troopers Ass'n on Behalf of Pince v. State, Dep't of Pub. Safety*, 437 N.W.2d 670, 673 (Minn. Ct. App. 1989).  Because state officials sued in their official capacities are not "persons" under Section 1983, *Will*, 491 U.S. at 71, Plaintiff's claims against Evans and Swanson should be dismissed.

Plaintiff's claims against Evans and Swanson should also be dismissed on Eleventh Amendment grounds.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself."  *Id.*  The Eleventh Amendment reflects that states are generally immune from suits for monetary damages in federal court unless a state waives its sovereign immunity (or that immunity is otherwise

---

[2] Even if the Court were to construe the Complaint as being against Evans and Swanson in their individual capacities, for the reasons set forth in Sections III.B and III.C of this opinion, Plaintiff's claims would nonetheless fail.

abrogated).  *See, e.g., Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).  The State of Minnesota has not waived its sovereign immunity.  Nor has that immunity been abrogated with respect to any of the claims raised in this action.  *See Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991).  Therefore, the entirety of Plaintiff's claims for monetary relief against Evans and Swanson should be dismissed for lack of subject-matter jurisdiction.  *See Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014).

### B. *Gerstein* Violations

Even if Evans and Swanson were properly subject to Plaintiff's claims under Section 1983, Plaintiff's claims would nonetheless fail.  Plaintiff claims that his Fourth Amendment rights were violated by the purported failure of Defendants to bring him before a judge for over three months after his arrest.  (ECF No. 1, at 6-9.)  Plaintiff claims that his continued detention violated the rights articulated in *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975).  Plaintiff, however, fails to state a claim under *Gerstein*.

In *Gerstein*, the United States Supreme Court ruled that "the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest."  *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 47 (1991) (citing *Gerstein*, 420 U.S. at 103).  Specifically, the Court concluded that States "must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest."  *Gerstein*, 420 U.S. at 125.  Subsequently, in *Riverside*, the Court ruled that a detention longer than 48 hours without a judicial determination of probable cause is presumed to be

unconstitutional unless the State demonstrates the existence of a bona fide emergency or other extraordinary circumstance justifying the delay.   500 U.S. at 56-57.   These protections ensure that a citizen is not detained for excessive periods of time without a determination of the existence of probable cause.  Notably, *Gerstein* and *Riverside* apply only to warrantless arrests.  *See Gerstein*, 420 U.S. at 116, n.18 (noting that a person arrested under a warrant "would have received a prior judicial determination of probable cause"); *United States v. Van Metre*, 150 F.3d 339, 347–48 (4th Cir. 1998) (concluding *Riverside* is inapplicable when a person is arrested pursuant to a warrant).

Here, even if Plaintiff could maintain a suit against Evans and Swanson, Plaintiff nonetheless fails to state a claim for which relief can be granted.  Plaintiff was not arrested without a warrant; instead, Plaintiff was arrested on a warrant unrelated to the investigation into the death of Lori Baker.  *See Fox*, 868 N.W.2d at 211.  Thus, Plaintiff simply does not state a claim under *Gerstein*.  *Van Metre*, 150 F.3d at 347–48.[3]

### C.  Transfer to Virginia

Evans and Swanson additionally move to dismiss any claims under Section 1983 for Plaintiff's transfer to Virginia.  Plaintiff initially included claims in his Complaint related to his alleged inability to access legal materials at the prison facility in which he

---

[3] Evans and Swanson additionally argue that Plaintiff failed to allege that he was in the custody of or prosecuted by either Evans or Swanson and cite to a variety of public records and Minnesota Statutes in support of that point.  (ECF No. 26, at 5-6.)  The Court need not determine whether Plaintiff's pleadings sufficiently allege that he was detained by Evans and Swanson because even if Plaintiff's pleadings are sufficient on this point, the record establishes that Plaintiff was not subject to a warrantless arrest.  Without the presence of the legal predicate to a *Gerstein* claim, the factual connection between Evans and Swanson and Plaintiff's detention is immaterial for the present decision.

resides in Virginia.  (ECF No. 1, at 3-5.)  Plaintiff also included an allegation that he was transferred to the prison in Virginia "against [his] will."  (*Id.* at 3.)  The Court's previous order directed Plaintiff to choose between his claims against Minnesota and Virginia prison officials and his claims against the officer Defendants.  (ECF No. 7, at 4.)  Plaintiff chose to pursue his "*Gerstein* violation breach" claims against Evans, Swanson, and Smith.  (ECF No. 12.)  Plaintiff also indicated that his "motion to transfer case" should be dismissed.  (*Id.*)  In light of Plaintiff's submissions to the Court, Plaintiff is not currently pursuing a claim based on his transfer to a prison in Virginia; instead, Plaintiff is solely pursuing claims based on alleged violations of the rights protected by *Gerstein*.[4]

## IV.    SMITH'S MOTION TO DISMISS

### A. Plaintiff's *Monell* Claim Against Smith

Like Evans and Swanson, Smith argues that Plaintiff's Complaint only pleads a claim against Smith in his official capacity.  (ECF No. 34, at 5.)  Smith is correct. Plaintiff does not make any statement indicating that he intended to sue Smith in his individual capacity.  (See ECF No. 1, at 6-9.)  Therefore, the Court will treat the suit as against Smith in his official capacity.  *See Johnson*, 172 F.3d at 535 (citing *Graham*, 473 U.S. at 165).  As such, the Court will treat the claim as it would a claim against Smith's employer, the City of Oakdale, Minnesota.  *See id.*

---

[4] The Court further notes that the Constitution does not grant an unfettered right against the transfer of a duly convicted prisoner from one prison to another.  *See Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Once a person is subject to a valid conviction, the person may be confined subject to a state's rules "so long as the conditions of confinement do not otherwise violate the Constitution."  *Id.*  The Constitution does not "guarantee that the convicted prisoner will be placed in any particular prison[.]"  *Id.*

Unlike states and their agencies, municipalities, such as the City of Oakdale, are "persons" under Section 1983 and can be subject to suits. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). While a municipality can be sued, it is liable under Section 1983 only if an action pursuant to a municipal custom or policy caused the constitutional tort. *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013). "There must be a causal connection between the municipal policy or custom and the alleged constitutional deprivation in order to state a valid claim under [Section] 1983." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Plaintiff makes no allegations showing that a municipal policy or custom caused a violation of his constitutional rights. While he alleges that Smith is an investigator with the Oakdale Police Department, the Complaint contains no allegations of how Smith was involved in Plaintiff's arrest and detention, nor any allegations about how any of Oakdale's policies impacted his arrest and detention. Accordingly, Plaintiff's claim against Smith should be dismissed.

### B. Additional Claims Against Smith

Even if Plaintiff could overcome the faults outlined above, his Complaint nonetheless fails to state a claim against Smith. The record before the Court shows that Plaintiff was arrested on a warrant unrelated to the investigation into the death of Lori Baker. *See Fox*, 868 N.W.2d at 211. Thus, Plaintiff does not make out a case under *Gerstein*. *See Van Metre*, 150 F.3d at 347–48.

Moreover, Smith is also entitled to qualified immunity from Plaintiff's claims. Qualified immunity shields a law enforcement officer from a lawsuit if a reasonable

officer could have believed that his or her conduct was lawful based on the information the officer possessed. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). A police officer is entitled to qualified immunity unless: (1) the evidence establishes a violation of a constitutional or statutory right, and (2) the right was clearly established at the time of the violation, such that a reasonable officer would have known that his actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). For a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). This inquiry turns on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson*, 555 U.S. at 244.

As discussed above, Plaintiff has not alleged facts establishing that the actions of Defendants—and specifically the actions of Smith—violated any of Plaintiff's constitutional or federal statutory rights. "[Q]ualified immunity is an immunity from suit rather than a mere defense to liability[;] it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 231 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (quotations omitted). Thus, Plaintiff's claims should be dismissed.

## V.   Plaintiff's Motion to Amend

In response to the Motions filed by Defendants, Plaintiff filed a document styled "Motion to Amend Complaint with the Permission of the Court." (ECF No. 46.) While it would have been more procedurally proper for Plaintiff to file a response to

Defendants' Motions, the Court will treat the document filed by Plaintiff as a Motion to Amend.  Even so, the Motion to Amend should be denied as futile.

Federal Rule of Procedure 15(a)(2) provides that a party may amend its pleading with "the court's leave[,]" and that "[t]he court should freely give leave when justice so requires."  While leave to amend is freely given, "parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).  A court may deny a motion seeking leave to amend for compelling reasons, such as "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013).  A proposed amendment is futile if the moving party fails to show that "such an amendment would be able to save an otherwise meritless claim." *Plymouth Cty., Iowa v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014).  For example, a proposed amendment is futile when the proposed new claims would not withstand a motion to dismiss. *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014); *Zutz v. Nelson*, 601 F.3d 842, 852 (8th Cir. 2010).

Plaintiff's proffered Amended Complaint purports to allege a *Gerstein* violation, but ultimately fails to set forth facts sufficient to state a claim against Defendants.[5] While Plaintiff's proposed Amended Complaint asserts claims against Defendants in their

---

[5] Plaintiff's Motion, which reads more like an amended complaint than a motion seeking to amend a complaint, purports to add as Defendants "John Doe," "Wayne Hager Investigator" and "PD Duane Hager."  Even if these potential defendants were added to Plaintiff's Complaint, for the same reasons as set forth in this section, Plaintiff's claim would fail.

individual capacities, many of the defects identified in the previous sections remain. Specifically, the record before the Court demonstrates that Plaintiff was arrested and detained on a warrant, which was unrelated to the investigation into Lori Baker's death. *Fox*, 868 N.W.2d at 211. The proposed Amended Complaint does not add any facts that cast doubt on that record.

Further, Plaintiff's proposed Amended Complaint is futile because it would be precluded by the *Heck-Preiser* doctrine. The United States Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Similarly, a Section 1983 claim cannot seek either "immediate release from prison" or the "shortening" of a term of confinement. *Id.* at 487. The Court expanded this doctrine in *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). There, the Court concluded that where "establishing the basis for the [Section 1983] damages claim necessarily demonstrates the invalidity of the conviction[,]" a plaintiff's claim is subject to the Court's ruling in *Preiser*. *Id.* at 481-482. This doctrine ensures that state prisoners "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Here, Plaintiff asserts a *Gerstein* claim. (*See* ECF No. 46, at 1-2.) A successful *Gerstein* claim does not necessarily imply the invalidity of Plaintiff's detention. *See Gerstein*, 420 U.S. at 119 ("a conviction will not be vacated on the ground that the

defendant was detained pending trial without a determination of probable cause."). It remains an open question, however, whether a *Gerstein* violation justifies or compels suppression of evidence procured as a result of that violation. *See United States v. Chavez*, 705 F.3d 381, 386 (8th Cir. 2013) ("This court and the Supreme Court have not decided whether even a suppression remedy is available for a *Gerstein* violation."). Plaintiff, however, does not only raise *Gerstein*-related issues. Plaintiff's purported Amended Complaint also makes additional allegations: that Defendants restrained Plaintiff's access to his attorney (ECF No. 46, at 2); that Defendants exceeded and/or did not follow the warrant they obtained to examine forensic evidence (*id.*, at 3-5); that Defendants were not entitled to Plaintiff's DNA and property as a result of the non-compliance with the warrant (*id.*, at 5); that confessions obtained by Defendants during Plaintiff's detention were inadmissible (*id.*, at 6); and that the delay in arraignment on the murder charges resulted in Plaintiff losing exculpatory evidence (*id.*, at 7). If these allegations were to be proven, Plaintiff's success may imply the invalidity of his conviction or sentence. *See Heck*, 512 U.S. at 487. But, the Section 1983 claim presently before the Court is not a vehicle for seeking release from prison or reversal of the state court's conviction and sentence. *Preiser*, 411 U.S. at 500. Accordingly, Plaintiff's Motion should be denied.

## VI.   RECOMMENDATION

Based upon the foregoing and all of the files, record, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Evans' and Swanson's Motion to Dismiss, (ECF No. 24), be **GRANTED**.

2. Defendant Smith's Motion to Dismiss, (ECF No. 32), be **GRANTED**.

3. Plaintiff's Motion to Amend Complaint, (ECF No. 46), be **DENIED**.

4. Plaintiff's Complaint, (ECF No. 1), be **DISMISSED**.


Dated: December _22_, 2016                    _____*s/ Tony N. Leung*_____
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             for the District of Minnesota

                                             *Fox v. Roy, et al.*
                                             Case No. 15-cv-2594 (DSD/TNL)


## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgement of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).


**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.